A98A1902. FRISBEY v. THE STATE.
(514 SE2d 453)

SMITH, Judge.

A DeKalb County grand jury indicted Steven Frisbey for possession of methamphetamine with intent to distribute and for giving a false name. After the trial court denied his motion to suppress, Frisbey waived a jury trial, and the case was presented to the trial court on the basis of stipulated facts and the evidence adduced at the hearing on Frisbey's motion to suppress. The trial court found Frisbey guilty on both counts. Frisbey appeals, challenging the trial court's denial of his motion to suppress evidence and asserting that his convictions must be reversed because the State failed to prove venue. We disagree and affirm.

1. In reviewing the trial court's denial of Frisbey's motion to suppress, we construe the evidence in favor of the court's findings and judgment and adopt the trial court's findings on disputed facts and credibility unless those findings are clearly erroneous. *Howard v. State*, 233 Ga. App. 861 (505 SE2d 270) (1998). So construed, the evidence shows that on April 7, 1997, DeKalb County Police Officer Jerry Carruth responded to a call from the manager of a fast food restaurant regarding a man who had been sitting inside for approximately five hours. Carruth approached Frisbey and asked him why he had been at the restaurant so long. Frisbey responded that he had been dropped off by his father to look for a job in the area and was waiting for his brother to pick him up. Since Frisbey appeared "extremely nervous," Carruth asked to see his identification. In response, Frisbey took out his wallet and showed Carruth an Iowa driver's license with the name "Joshua Paul Loose." According to Carruth, the picture on the driver's license did not appear to be Frisbey.

Before Frisbey put his wallet back in his pocket, Carruth noticed a second picture ID card in the wallet. Carruth asked to see the second ID card, and Frisbey produced a check cashing card with his picture and the name "Steven Ray Frisbey." At this point, the officer believed that Frisbey had given him a false name, and he asked Frisbey to empty his pockets, but Frisbey refused to do so. Upon Carruth's request, however, Frisbey agreed to accompany Carruth to his patrol car where Carruth ran a computer check and learned of a Cobb County warrant for Frisbey's arrest. Carruth called DeKalb Communications and had the warrant verified. When the officer once again asked his name, Frisbey conceded that his real name was

Steven Frisbey. Carruth arrested Frisbey both on the Cobb County warrant and for giving a false name. Once Frisbey was placed under arrest, Carruth searched him and found 11.8 grams of methamphetamine in his pockets, along with two plastic bags and a pair of scales.

Frisbey argues that the trial court erred in refusing to suppress evidence of the methamphetamine since the search that yielded the drugs was predicated upon an unlawful detention. According to Frisbey, the fact that he was sitting in the restaurant for five hours was not sufficiently suspicious activity to warrant questioning and subsequent detention by Carruth.

As an initial matter, we must address whether Carruth's questioning of Frisbey violated the Fourth Amendment. In resolving this issue,

> [t]he first question is whether the initial contact between [Frisbey] and Officer [Carruth] constituted a seizure. . . . Contact between police and citizens implicates no Fourth Amendment interest unless in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.

(Citation and punctuation omitted.) *Pickens v. State*, 225 Ga. App. 792, 793 (1) (a) (484 SE2d 731) (1997).

> A seizure does not occur simply because a police officer approaches an individual and asks a few questions. Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual as long as the police do not convey a message that compliance with their request is required; and so long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required.

(Citation omitted.) *McGaughey v. State*, 222 Ga. App. 477, 478 (474 SE2d 676) (1996). Carruth's questioning of Frisbey did not violate the Fourth Amendment unless Frisbey reasonably believed that he was not free to leave. See *Pickens*, supra.

In this case, the evidence does not support Frisbey's contention that he was not free to leave the restaurant or that he felt compelled to answer Carruth's questions. The evidence shows that Frisbey willingly produced two separate picture IDs with two different names on them. Furthermore, Frisbey's refusal to empty his pockets at Carruth's request suggests that Frisbey did not feel compelled to respond to the officer's inquiries.

Carruth did not search Frisbey until after he had been arrested.

Under OCGA § 17-5-1 (a), when an officer makes a lawful arrest, he may reasonably search the immediate presence of the arrested person. See *State v. Nichols*, 225 Ga. App. 609, 612 (2) (484 SE2d 507) (1997). In doing so, nothing precludes the officer "from discovering or seizing . . . any item, substance, object, thing, or matter, the possession of which is unlawful, or . . . which is tangible evidence of the commission of a crime against the laws of this state." OCGA § 17-5-1 (b). The trial court therefore did not err in refusing to suppress evidence of the methamphetamine found in Frisbey's pockets.

2. In his second enumeration of error, Frisbey asserts that the State failed to establish venue. He did not make venue an issue at trial, however. Although *Graves v. State*, 269 Ga. 772 (504 SE2d 679) (1998) states that the filing of a not guilty plea preserves a defendant's appellate challenge to venue, id. at 774 (1), that case also recognizes the general rule that "when the evidence is not conflicting and when no challenge to venue is raised at trial," slight evidence will be sufficient to prove venue. Id. at 773. See also *Minter v. State*, 258 Ga. 629 (373 SE2d 359) (1988); *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998).

At least slight evidence of venue was presented here. During the motion to suppress hearing, Officer Carruth testified that he worked for DeKalb County Public Safety and that after he responded to the call concerning Frisbey, he contacted DeKalb Communications to verify the existence of the Cobb County warrant. Under *Joiner*, supra, and the cases cited therein, the State is entitled to an inference that Carruth acted within his territorial jurisdiction when he investigated the incident and ultimately arrested Frisbey.

The dissent attempts to distinguish *Minter*, supra, cited in *Joiner*, concluding that the police officer's employer in *Minter* "was not the *only* evidence of venue relied upon by the Supreme Court" because in that case the State also showed "that the victim was taken to Griffin-Spalding County Hospital, and the trial court took judicial notice that Griffin is wholly within Spalding County."

The trial court in *Minter* did take judicial notice that Griffin is wholly within Spalding County. Id. at 629-630. But this was important because the police department of the City of Griffin investigated the incident. Here, judicial notice concerning the *county* was not necessary, because the DeKalb County Police investigated. Furthermore, the taking of the victim in *Minter* to Griffin-Spalding Hospital does not further our analysis of the venue issue in this case. Evidence that a victim was taken to a particular hospital does not necessarily show that the crime occurred in the county where the hospital is located; it is possible that victims would be taken to hospitals in different counties from those where the crimes occurred, depending on the proximity of the hospital to the place of injury. Here, as in *Minter*,

"no evidence conflicts with the conclusion that the crime was committed in [DeKalb] County." Id. at 630 (1). The trial court did not err in denying Frisbey's motion to suppress.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Beasley, P. J., Andrews, Blackburn, Eldridge and Barnes, JJ., concur. Ruffin, J., dissents.*

RUFFIN, Judge, dissenting.

I dissent for the reasons stated in my dissent in *Joiner v. State*, 231 Ga. App. 61 (1) (497 SE2d 642) (1998).

In this case, the only evidence "proving" venue in DeKalb County was the police officer's testimony that: (1) he worked for DeKalb County Public Safety; (2) he responded to a call "at McDonald's on Evans Mill and I-20"; and (3) he contacted "DeKalb Communications" to verify the existence of the Cobb County warrant. Accordingly, I cannot agree that this evidence is sufficient to prove venue beyond a reasonable doubt.

Our Supreme Court has made clear that "when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue." *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). Nevertheless, in *Graves v. State*, 269 Ga. 772, 773-774 (1) (504 SE2d 679) (1998) the Supreme Court reiterated that "[v]enue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt. . . . When there is insufficient evidence of venue, the verdict rendered is contrary to law and without sufficient evidence to support it." *Graves*, supra at 773 (1). In other words, the "slight evidence" rule was not meant to abrogate the State's burden of proving every element of the crime alleged, including venue, beyond a reasonable doubt.

What constitutes slight evidence? This Court has repeatedly held that the street address is insufficient to prove venue. *Waller v. State*, 231 Ga. App. 323, 326 (498 SE2d 362) (1998) (physical precedent only); *Clark v. State*, 213 Ga. App. 313, 315 (3) (444 SE2d 806) (1994) (physical precedent only); *Patterson v. State*, 157 Ga. App. 233, 234 (276 SE2d 900) (1981). Consequently, the evidence that the incident occurred at Evans Mill and I-20 does not establish venue.

In *Joiner*, supra, a majority of this Court held that slight evidence of venue may exist when a law enforcement officer testifies regarding which county he works for. The majority stated that "the State is at least entitled to an inference that the officer acted within his territorial jurisdiction." (Punctuation omitted.) Id. at 61. However, this holding overly minimizes the State's burden of proof. "[E]vidence showing only a bare suspicion is not sufficient. Testimony constituting mere surmise or conjecture most certainly lies within this latter category." (Citations and punctuation omitted.)

*Brinkworth v. State*, 222 Ga. App. 288, 290 (474 SE2d 9) (1996) (Ruffin, J., dissenting).

*Joiner* relied upon the Supreme Court's decision in *Minter*, supra, for the proposition that evidence of which county the investigating officer worked for is sufficient to prove venue. *Joiner*, 231 Ga. App. at 62. However, in *Minter*, the police officer's employer was not the *only* evidence of venue relied upon by the Supreme Court. In addition, the State established that the victim was taken to Griffin-Spalding County Hospital, and the trial court took judicial notice that Griffin is wholly within Spalding County. *Minter*, 258 Ga. at 629-630.

Although *Graves* does not address what evidence the State must produce to establish venue, it does remind us that the State must prove venue beyond a reasonable doubt. Allowing the State to prove venue "by simply showing that the crime was investigated by an officer of the forum county" improperly absolves the State of its burden to prove venue. *Hunter v. State*, 191 Ga. App. 219, 221 (381 SE2d 525) (1989) (McMurray, P. J., dissenting). Consequently, I believe we should overrule *Joiner* and conclude that, to establish venue beyond a reasonable doubt, the State must do more than merely show the forum county for which the investigating officer worked.

> Where venue is not established by the State, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven. Because the only evidence of venue in this case constituted mere conjecture, I believe the conviction should be reversed.

(Citations and punctuation omitted.) Accordingly, I dissent from the majority holding in Division 2. *Brinkworth*, supra at 291.

DECIDED MARCH 11, 1999.

*Paul J. McCord*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.