## A99A0013. BRADLEY v. THE STATE.
### (519 SE2d 261)

Judge Harold R. Banke.

In a bench trial, James Russell Bradley was convicted of driving under the influence of alcohol and failure to maintain lane. In his sole enumeration of error, Bradley contests the sufficiency of the evidence. Among other claims, Bradley contends that the State failed to prove venue. *Held*:

Criminal actions must generally be tried in the county where the crime occurred. OCGA § 17-2-2 (a). When the evidence of venue does not conflict and no challenge to venue is made at trial, slight evidence suffices to prove venue. *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988).

The State's case against Bradley consisted solely of the testimony of a state patrol officer and a videotape. But neither the officer nor the videotape mention any particular county. Although Bradley did not challenge venue at trial, we have not found nor has the State directed our attention to any evidence in the record showing that these offenses occurred in Spalding County. Compare *Barker v. State*, 211 Ga. App. 279 (2) (438 SE2d 649) (1993). Since the arresting officer was a state trooper and not a county law enforcement officer, no inference could be made that he was acting within the territorial jurisdiction of a particular county. Compare *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998); *Hunter v. State*, 191 Ga. App. 219, 220 (381 SE2d 525) (1989). Nor did the state trooper's testimony that he observed Bradley's vehicle weaving while northbound on Georgia Highway 3 and again after Bradley turned onto Baptist Camp Road, prove venue since the trooper did not specify the county. *Calloway v. State*, 227 Ga. App. 775, 776-777 (2) (490 SE2d 521) (1997) (mere street address insufficient to establish venue), overruled on other grounds, *Joiner*, supra.

In an attempt to save its case, the State asserts that the trial judge had familiarity with the area of the traffic stop and the roads involved. The State claims that the judge would have known that Baptist Camp Road and Manley Road are located only in Spalding County, Georgia. But judicial notice of such purported geographical

facts was not noted by the court on the record and the parties were not afforded an opportunity to be heard on that issue. See *Graves v. State*, 269 Ga. 772, 776 (4) (a) (504 SE2d 679) (1998) (new rule on judicial notice to apply prospectively only). Nor are we, as a reviewing court, free to resort to judicial notice to legitimize a judgment. See id. at 773 (1) (when sufficient evidence of venue is lacking, the verdict cannot stand). Therefore, we reverse.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 9, 1999.

*Virgil L. Brown & Associates, Larkin M. Lee, Bentley C. Adams III*, for appellant.

*Newton & Howell, Griffin E. Howell III*, for appellee.