528 S.E.2d 876 (2000)
242 Ga. App. 109
In the Interest of N.T.S., a child.
No. A99A1783.
Court of Appeals of Georgia.
January 28, 2000.
*877 William L. Jones, for appellant.
Peter J. Skandalakis, District Attorney, Louis J. Kirby, Solicitor, for appellee.
BARNES, Judge.
N.T.S. appeals from the judgment of delinquency entered by the juvenile court, which found that she committed the delinquent act of "disorderly conduct/affray" and sentenced her to two years on probation and ninety days in a youth detention center. N.T.S., who was 13 years old as of the judgment, asserts on appeal that insufficient evidence supports her adjudication, and that venue was not proven. We agree that the State failed to prove venue beyond a reasonable doubt and, therefore, must reverse the adjudication.
On appeal, we view the evidence in a light most favorable to support the findings and judgment. We determine whether the evidence is sufficient, but we do not weigh the evidence or determine witness credibility. In the Interest of C.T., 197 Ga.App. 300, 301(2), 398 S.E.2d 286 (1990). To affirm an adjudication based on circumstantial evidence, the facts must be consistent with guilt and exclude every other reasonable hypothesis except guilt. In the Interest of A.D.C., 228 Ga.App. 829, 830, 493 S.E.2d 38 (1997).
The only testimony at N.T.S.'s juvenile court hearing came from two investigating detectives. The first detective testified that he responded to a call regarding a fight and found N.T.S. in a parking lot with a small cut on her forehead. Her co-defendant, 13-year-old *878 C.J., was nearby on a porch. The detective testified:
A toy truck was thrown by [N.T.S.]. After the toy truck was thrown, [C.J.] reciprocated by swinging a broom stick at [N.T.S.] and it struck her in the left side of her forehead, causing a gash across her face. Basically, we're saying, they both admitted to us that this fight started verbally. They both admitted the truck was thrown. They both admitted the stick was swung. They both admitted to each weapon they had. They both admitted there was a fight. The only problem was, their stories contradicted, so we ended up charging each one. Due to the disturbance of the peace, we filed complaints on both juveniles.
The detective confirmed in response to cross-examination that his testimony was based on information from witnesses who were not present at the hearing, as well as on what the two juveniles told him.
The second detective's entire testimony was as follows:
Recently on the 10th of September 98, at 1825 hours, we responded to Revis Street in reference to a fight involving [C.J.] and [N.T.S.]. Both parties admitted the fight started verbally. [N.T.S.] stated that she had a truck and slung it at [C.J.] and [C.J.] hit her with a stick leaving a scratch on the left side of her face.
1. N.T.S. asserts that insufficient evidence supports her adjudication of delinquency based on the crime of affray. "Affray" is defined in OCGA § 16-11-32(a) as "the fighting by two or more persons in some public place to the disturbance of the public tranquility." In reversing a conviction for affray, this court recognized that
[o]ne may become involved in an affray; and may "fight together" with another in a public place without ever intending to be involved therein. It could not be unlawful to fight without the intention of doing so; and the automatic reflexes of any individual would cause him to push back the thing that is about to destroy him.
(Emphasis in original.) Johnson v. State, 135 Ga.App. 360, 361-362(3), 217 S.E.2d 618 (1975).
The juveniles' statements to the detectives were admissions and thus constitute admissible circumstantial evidence of their guilt. See Thompson v. State, 151 Ga.App. 128, 129(1), 258 S.E.2d 776 (1979); Stephens v. State, 127 Ga.App. 416, 418-419(1), 193 S.E.2d 870 (1972). The issue of intent is peculiarly within the province of the factfinder, OCGA § 16-2-6; M.J.W. v. State of Ga., 133 Ga.App. 350, 351(1), 210 S.E.2d 842 (1974), and "intent may be inferred from conduct before, during, and after the commission of the crime." (Citation and punctuation omitted.) Hanifa v. State, 269 Ga. 797, 809(8), 505 S.E.2d 731 (1998).
N.T.S. admitted that she threw the toy truck at C.J. first, and from that admission the juvenile court could infer that she intended to start a fight. We find the evidence sufficient to uphold the adjudication of delinquency.
2. N.T.S. argues that the State failed to prove venue. Venue is an essential element of a criminal charge that must be proved beyond a reasonable doubt. Graves v. State, 269 Ga. 772, 773(1), 504 S.E.2d 679 (1998). "Only when the evidence is not conflicting and when no challenge to venue is raised at trial will slight evidence be sufficient to prove venue."[1] Id. N.T.S. not only challenged venue by pleading not guilty but also argued during the adjudication hearing that the State failed to prove venue. Under the Supreme Court's directive in Graves, therefore, the slight evidence rule does not apply here.
The only references to venue during the trial were the two detectives' testimony that they were called to "508-510 Revis Street," and one detective's testimony that he worked for the LaGrange Police Department.
The testimony relating to Revis Street, which failed to specify either the municipality or the county in which the street was located, is not sufficient to establish venue. Bradley *879 v. State, 238 Ga.App. 490, 519 S.E.2d 261 (1999); Patterson v. State, 157 Ga.App. 233, 234, 276 S.E.2d 900 (1981). And while the trier of fact was entitled to infer that the officer acted within his territorial jurisdiction of the city of LaGrange, Joiner v. State, 231 Ga.App. 61, 62, 497 S.E.2d 642 (1998), and the trial court could have taken judicial notice that LaGrange was located in Troup County, nothing in the record indicates that the trial court took such judicial notice and gave the parties an opportunity to respond. Graves v. State, supra; Bradley v. State, supra. Therefore, the State failed to establish venue beyond a reasonable doubt in the Juvenile Court of Troup County.
Judgment reversed.
BLACKBURN, P.J., and ELDRIDGE, J., concur specially in judgment only.
ELDRIDGE, Judge, concurring specially in judgment only.
I concur in judgment only because the majority holds that, pursuant to the Supreme Court's decision in Graves v. State, 269 Ga. 772, 504 S.E.2d 679 (1998), the slight evidence rule "does not apply in here," and that the "slight evidence rule is eliminated in every criminal trial." See Division 2, n. 1, of the majority opinion. I disagree with these assertions.
In Graves, the Supreme Court held that a "not guilty" plea serves as a challenge to venue at a criminal trial. Id. at 774, 504 S.E.2d 679. The majority finds that such challenge to venue is all that is necessary to preclude the slight evidence rule. A fortiori, the rule would be eliminated in every criminal trial since every such trial includes a "not guilty" plea. In reaching its conclusion, however, the majority ignores the fact that the Supreme Court in Graves also cited the well-recognized principle that slight evidence will be sufficient to prove venue when no challenge to venue is raised at trial and when the evidence as to venue is not in conflict. Id. at 773, 504 S.E.2d 679; see also Minter v. State, 258 Ga. 629, 373 S.E.2d 359 (1988); Bass v. State, 238 Ga.App. 503, 504(2), 519 S.E.2d 294 (1999); Frisbey v. State, 236 Ga.App. 883, 885(2), 514 S.E.2d 453 (1999); Joiner v. State, 231 Ga.App. 61, 497 S.E.2d 642 (1998).[2] This is a two-prong showing: to preclude the slight evidence rule there must be a challenge raised at trial and the evidence as to venue must conflict. Thus, contrary to the majority's position, a challenge to venue by virtue of the entry of a "not guilty" plea cannot, alone, preclude the fact that slight evidence of venue is sufficient to sustain a verdict.
The presence of conflicting evidence of venue is a requisite of long-standing and, in fact, gave rise to the "slight evidence" rule, which reads as follows: "`Evidence as to the venue, though slight, is sufficient where there is no conflicting evidence.'"[3] This is because when evidence of venue is not conflicting, "no evidence conflicts with the conclusion that the crime was committed in [the challenged] County." Minter v. State, supra at 630(1), 373 S.E.2d 359; Frisbey v. State, supra at 886, 514 S.E.2d 453. In fact, the majority's position that the slight evidence rule has been abolished in every criminal trial in Georgia makes little common sense: as a matter of law, where there is slight, competent, and uncontradicted evidence of venuewhich a jury has found sufficient through the return of a guilty verdictappellate courts cannot weigh the evidence of venue and find it "too slight," substituting our judgment for the jury's. Venue is a question to be decided by the jury, and its decision will not be set aside as long as there is any evidence to support it. McGee v. State, 209 Ga.App. 261, 262(2), 433 S.E.2d 374 (1993); Jones v. State, 245 Ga. 592, 596, 266 S.E.2d 201 (1980). Thus, slight, competent, *880 and uncontradicted evidence of venue remains the appellate standard on review of a criminal trial. This is especially true sincefollowing its abolition of the "slight evidence" rulethe majority neglects to explain any "new" standard for appellate review of slight, competent, and uncontradicted evidence of venue.
Further, if the Supreme Court of Georgia had intended to take such sweeping action and abolish the longstanding "slight evidence" rule in every criminal trial in Georgia, it could be assumed they would have specifically stated so in Graves, instead of reiterating the principle that "when the evidence is not conflicting and when no challenge to venue is raised at trial ... slight evidence [will] be sufficient to prove venue." Graves v. State, supra at 773(1), 504 S.E.2d 679. It seems the Supreme Court would have overruled the legion of cases that have repeatedly found it is well recognized in this state that slight evidence is sufficient to establish venue, where there is no conflicting evidence. Johns v. State, 239 Ga. 681, 682, 238 S.E.2d 372 (1977); Green v. State, 260 Ga. 625, 626, 398 S.E.2d 360 (1990). As it stands, the majority's position conflicts with well-established precedent. Accordingly, I do not believe the majority has the authority to interpret Graves so as to abolish the "slight evidence" rule in every criminal trial in Georgia.
I am authorized to state that Presiding Judge BLACKBURN joins in this special concurrence.
NOTES
[1] In other words, if either factor appearsa conflict in evidence or a challengeslight evidence is insufficient to prove venue. The special concurrence rightly notes that, with such a reading, the "slight evidence" rule is eliminated in every criminal trial.
[2] In Graves, evidence as to venue was in conflict since the Atlanta city limits extend into both Fulton and DeKalb Counties, and our Supreme Court found that the Uniform Traffic Citations upon which the case was tried were unclear as to in which county the offenses occurred. Graves, supra at 772, 504 S.E.2d 679.
[3] Baker v. State, 55 Ga.App. 159, 189 S.E. 364 (1937); see also Minter v. State, supra at 629, 373 S.E.2d 359; Loftin v. State, 230 Ga. 92, 93-94(2), 195 S.E.2d 402 (1973); Womble v. State, 107 Ga. 666, 669(3), 33 S.E. 630 (1899); Porter v. State of Ga., 76 Ga. 658, 660(2) (1886); Clark v. State, 213 Ga.App. 313, 315(3), 444 S.E.2d 806 (1994); Inman v. State, 195 Ga.App. 805, 395 S.E.2d 52 (1990); In re J.B., 183 Ga.App. 229, 358 S.E.2d 620 (1987).