A00A0592. STARLING v. THE STATE.

(530 SE2d 757)

JOHNSON, Chief Judge.

William Starling appeals his convictions for driving under the influence and weaving over the roadway. At the conclusion of the state's case, Starling moved for a directed verdict, claiming the state failed to prove the issue of venue beyond a reasonable doubt. The probate court denied his motion for a directed verdict, and Starling appealed to the Superior Court of Monroe County, which found no error of law. Because the state failed to prove that venue was proper in Monroe County, we must reverse the convictions.

It is well established that venue is an essential element of a criminal charge and must be proved by the state beyond a reasonable doubt.[1] Contrary to the state's argument, Starling clearly challenged venue when he pled not guilty to all charges and argued the lack of venue during his motion for a directed verdict.[2]

Even viewed in a light most favorable to support the verdict, the record does not contain evidence of venue. The officer testified that he was employed by the Monroe County Sheriff's Office. However, at the time he made the stop he was "coming in to work." Since he was not yet on duty, no inference could be made that the officer was acting within the territorial jurisdiction of his office.[3] The record is devoid of any evidence showing that the officer's route to work fell strictly within Monroe County. The officer further testified that he was "on Georgia 18, approximately a mile and a half from [Forsyth] or from Georgia 401, which is I-75." However, testimony relating to these highways, which failed to specify the county in which the highways are located, is not sufficient to establish venue.[4]

We thoroughly reviewed every line of the transcript and the videotape of the officer's stop to look for any evidence showing where the events occurred. However, the state failed to introduce any evidence that venue was proper in Monroe County. We are at a loss to explain this oversight since proving venue is a simple exercise that requires only one question and should be one of the first questions asked in every case. Although the uniform traffic citations were included as part of the record, they are not evidence of venue and cannot form the factual predicate necessary to establish venue.[5] As such, the state failed to carry its burden on the essential element of

---

[1] *Graves v. State*, 269 Ga. 772, 773-774 (1) (504 SE2d 679) (1998).

[2] Id. at 774; see also *Garrett v. State*, 236 Ga. App. 385 (512 SE2d 315) (1999).

[3] Compare *Frisbey v. State*, 236 Ga. App. 883, 885 (2) (514 SE2d 453) (1999); *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998).

[4] *In the Interest of N. T. S.*, 242 Ga. App. 109, 111 (2) (528 SE2d 876) (2000); *Bradley v. State*, 238 Ga. App. 490 (519 SE2d 261) (1999).

[5] *Graves*, supra; *Garrett*, supra.

venue, and the evidence was insufficient to prove venue beyond a reasonable doubt. Accordingly, we must reverse. Starling's enumerations of error regarding the sufficiency of the evidence are therefore moot.

*Judgment reversed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 9, 2000.

*Chris Jensen*, for appellant.
*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney*, for appellee.