S00A0991. JONES v. THE STATE.
(537 SE2d 80)

SEARS, Justice.

Appellant Gary Jones appeals his conviction for felony murder,[1] arguing, among other things, that because the State failed to prove beyond a reasonable doubt that venue for his trial was properly laid in Fulton County, he was denied his constitutional right to be tried in the county in which his crimes allegedly occurred.[2] We hold that, without exception, the State is required in **all** criminal trials to introduce evidence establishing that venue is properly laid beyond a reasonable doubt. We disapprove of the exception to this requirement set forth in *Minter v. State*[3] (and its successors) that mere "slight evidence" of venue will suffice in certain situations. By its own definition, this "slight evidence exception" is inapplicable when a defendant has challenged venue. Despite this definition, the slight evidence exception has been misapplied to situations where a defendant has pled not guilty to an indictment's charges, and thus has challenged all the allegations set forth therein, including those regarding venue. As explained more fully below, we now hold that the "slight evidence

---

[1] The murders occurred on August 1, 1995. Appellant was indicted on May 6, 1997, on two counts of malice murder, two counts of felony murder, two counts of aggravated assault, possession of a firearm during the commission of a crime, and illegal firearm possession by a convicted felon. The last of these counts was placed on the dead docket on May 20, 1997. Trial commenced on May 13, 1997, and appellant was found guilty of one count of felony murder, two counts of aggravated assault and possession of a firearm during the commission of a crime. Appellant was sentenced to life imprisonment for murder, twenty consecutive years imprisonment on one aggravated assault conviction (the other assault conviction merging by operation of law), and five consecutive years imprisonment on the firearms conviction. The transcript was certified on June 6, 1997. Appellant filed new trial motions on June 2, 1997; February 10, 1999; March 6, 1999; and June 16, 1999. The motions were denied on August 3, 1999. Appellant's notice of appeal was timely filed on August 9, 1999, and this matter was orally argued on May 9, 2000.

[2] Ga. Const. (1983), Art. VI, Sec. II, Par. VI.

[3] 258 Ga. 629 (373 SE2d 359) (1988).

exception" can have no application once a plea of not guilty is entered and a defendant is put on trial.

In this matter, the record reveals that the State failed to establish venue beyond a reasonable doubt at appellant's trial. Therefore, we must reverse appellant's convictions. However, for the reasons explained below, we conclude that the Double Jeopardy Clause does not preclude the State from retrying appellant, so long as it does so in a forum in which venue is properly established.

1. The evidence of record shows that in August 1995, appellant asked David Zellars to help him buy crack cocaine. Zellars directed appellant to the home of Jerry Zellner and Horace Lawson. At the home, Zellars purchased drugs from Lawson, and appellant and Zellars then drove away. Later that evening, appellant returned alone to the home. Gunshots were exchanged, and Jerry Zellner and Horace Lawson were killed. Appellant was shot twice during this incident, and sought medical attention at Grady Memorial Hospital in Atlanta. While at Grady, appellant said that he had been kidnapped and robbed by two men, including David Zellars, and forced to drive to the home of Jerry Zellner and Horace Lawson, where appellant was shot. A bullet removed from appellant's body matched the caliber of the rifle that Jerry Zellner was holding when he was fatally shot. Ballistics testing showed that the bullets removed from Jerry Zellner's body could have come from either: (1) a .9 mm pistol, such as the one owned by appellant's wife that was found after the murder discarded along an interstate highway ramp near Grady Hospital, or (2) a .380 pistol, such as the one recovered after the murder from appellant's car.

These facts, supported by evidence introduced at trial, were sufficient to enable rational jurors to conclude beyond a reasonable doubt that appellant was guilty of the crimes for which he was convicted.[4]

2. Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed.[5] Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged.[6] "Like every other material allegation in the indictment, [venue] must be proved [by the prosecution] beyond a reasonable doubt."[7] Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a rea-

---

[4] *Jackson v. Virgina*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] Ga. Const. (1983), Art. VI, Sec. II, Par. VI; OCGA § 17-2-2.

[6] *Bush v. Chappell*, 225 Ga. 659 (171 SE2d 128) (1968); *Thayer v. State*, 189 Ga. App. 321 (376 SE2d 199) (1988).

[7] (Punctuation omitted.) *Thayer*, supra; *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981); *Musselwhite v. State*, 217 Ga. 755 (125 SE2d 46) (1962). See 67 ALR 3d 988, § 6.

sonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.[8]

This Court has previously recognized an exception to the rule requiring venue to be proved beyond a reasonable doubt. We have held that in certain situations, mere slight evidence of venue will be sufficient. "Only when the evidence [of venue] is not conflicting **and** when no challenge to venue is raised at trial will slight evidence be sufficient to prove venue."[9] However, as explained below, close examination of the "slight evidence exception" reveals that, by its own definition, it can never be applied to situations where a criminal defendant pleads not guilty to the charges indicted against him or her and is placed on trial.

The slight evidence exception has two parts and is written in the conjunctive; before slight evidence of venue will be deemed sufficient, venue must not have been challenged **and** there must be no conflicting evidence regarding venue. The first of these requirements will never be satisfied in a criminal trial, because venue is challenged *whenever* a criminal defendant pleads not guilty to an indictment's charges.[10] The act of pleading not guilty to an indictment is considered by law to be an irrefutable challenge to all the allegations set forth therein, including those allegations pertaining to venue.[11] Hence, when a criminal defendant pleads not guilty, he or she has challenged venue, and the State will not be permitted to invoke the exception permitting it to establish venue with mere slight evidence. Quite to the contrary, whenever a criminal defendant pleads not guilty and is put on trial, the State is placed on notice that at trial, it will be required to establish venue beyond a reasonable doubt. Therefore, by its own definition, the slight evidence exception can never be invoked after a criminal defendant pleads not guilty and is placed on trial.

Once the burden is placed upon the State to establish venue beyond a reasonable doubt, the burden never shifts to the defendant to disprove venue, as it is axiomatic that the evidentiary burden in a criminal prosecution is "upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt."[12] The State may establish venue by whatever means of proof are available to it, and it may use both

---

[8] *Graves v. State*, 269 Ga. 772 (504 SE2d 679) (1998); *Parks v. State*, 212 Ga. 433 (93 SE2d 663) (1956); *Jackson v. State*, 177 Ga. App. 718 (341 SE2d 274) (1986).

[9] (Emphasis supplied.) *Graves*, 269 Ga. at 773; see *Minter*, supra; *Jones v. State*, 245 Ga. 592 (266 SE2d 201) (1980).

[10] *Graves*, 269 Ga. at 774.

[11] Id.

[12] *Gavin v. Vasquez*, 261 Ga. 568 (407 SE2d 756) (1991). See *Huntsinger v. State*, 200 Ga. 127, 139 (36 SE2d 92) (1945); Daniel, Handbook on Criminal Evidence, § 1-3 (1998).

direct and circumstantial evidence. It must, however, come forth in all criminal prosecutions with evidence to show beyond a reasonable doubt that venue is properly laid.

We acknowledge that Georgia precedent has not always properly construed the slight evidence exception. Both this Court and the Court of Appeals have misapplied the exception to situations where a criminal defendant has appealed a judgment of conviction entered after a jury trial.[13] In accordance with this opinion, these cases shall no longer be followed with regard to their application of the slight evidence exception.[14] We also recognize that, for all practical purposes, our clarification today of the slight evidence exception renders it a nullity. Henceforth, it will not be recognized in any appeal from a judgment of conviction entered after a bench or jury trial in any criminal matter.

3. In this matter, the appellant pled not guilty to the indictment lodged against him, thereby challenging all the accusations contained therein, including those pertaining to venue. Hence, the State was required to introduce evidence establishing venue beyond a reasonable doubt. Our review of the record shows that the State failed to satisfy this evidentiary burden.

Appellant was tried in the Superior Court of Fulton County, based upon the State's accusation that the murder he stood accused of took place in Fulton County. The record reveals that the City of Atlanta police officers who responded to the shooting patrolled both Fulton and DeKalb Counties. Therefore, the Atlanta Police Department's investigation of the murder does not establish that venue was properly laid in Fulton County.[15]

At trial, the only evidence regarding venue concerned the county in which the murder victims' neighbor lived. The neighbor testified, (1) that his home is located on Evans Drive, (2) that Evans Drive is located in Fulton County, and (3) that his home is located directly across the street from the murder victims' home. However, while this testimony was somewhat relevant to the location of the neighbor's home, it was irrelevant with regard to the locale of the victims' home where the murder took place. It is entirely possible that the neighbor's house is located in one county, while the houses located across

---

[13] See, e.g., *Graves*, supra; *Minter*, supra; *Loftin v. State*, 230 Ga. 92 (195 SE2d 402) (1973); *Womble v. State*, 107 Ga. 666 (33 SE 630) (1899); *Bass v. State*, 238 Ga. App. 503 (519 SE2d 294) (1999); *Frisbey v. State*, 236 Ga. App. 883 (514 SE2d 453) (1999); *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998); *McGee v. State*, 209 Ga. App. 261 (433 SE2d 374) (1993); *Baker v. State*, 55 Ga. App. 159 (189 SE 364) (1937).

[14] We do not, however, intend to disturb portions of these cases that do not expressly concern the slight evidence exception.

[15] *Starling v. State*, 242 Ga. App. 685 (530 SE2d 757) (2000); *Bradley v. State*, 238 Ga. App. 490 (519 SE2d 261) (1999).

the street are sited in an adjoining county. Moreover, a street name, standing alone, is never sufficient to establish venue, because streets frequently run through more than one county.[16]

Accordingly, this being the only evidence of record pertaining to venue, we conclude that the State failed to prove beyond a reasonable doubt that venue for appellant's murder trial was properly laid in Fulton County. It follows that the verdict rendered is contrary to the law, and must be reversed.[17]

4. We reject appellant's contention that the Double Jeopardy Clause[18] prevents the State from retrying him for murder in a properly established venue. As recently held by this Court in *Bradley v. State*,[19] a failure to properly establish venue does not bar retrial, because evidence of venue does not go to the guilt or innocence of the accused, and hence it does not invoke double jeopardy concerns.[20]

In *Burks v. United States*,[21] the United States Supreme Court held that when a conviction is reversed due to insufficient evidence to support the verdict, the defendant cannot be retried without violating the Double Jeopardy Clause of the United States Constitution.[22] However, in applying *Burks*, courts have recognized a distinction between reversals due to a lack of evidence concerning the merits of the criminal charges at issue, and reversals due to a lack of evidence concerning procedural matters, such as venue.[23]

> Venue is, of course, unlike the substantive facts which bear on guilt or innocence in the case. Venue is wholly neutral; it is a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused. . . . [Reversal due to improper venue is] not "a resolution . . . of some or all of the . . . *elements* of the offense charged."[24]

The Double Jeopardy Clause forbids the State from conducting a second trial in order to gain a second opportunity to supply evidence of

---

[16] *Bradley*, supra.

[17] *Graves*, 269 Ga. at 773.

[18] U. S. Const., amend. V; Ga. Const. (1983), Art. I, Sec. I, Par. XVIII.

[19] 272 Ga. 740 (533 SE2d 727) (2000).

[20] Id., citing *Kimmel v. State*, 261 Ga. 332 (404 SE2d 436) (1991).

[21] 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978).

[22] 437 U. S. at 11.

[23] See *Haney v. Burgess*, 799 F2d 661 (11th Cir. 1986); *Wilkett v. United States*, 655 F2d 1007 (10th Cir. 1981), cert. denied, 454 U. S. 1141 (102 SC 1001, 71 LE2d 294) (1982); *State v. Hutcherson*, 790 SW2d 532 (Tenn. 1990); *People v. Cortez*, 737 P2d 810 (Colo. 1987); *Pollard v. Commonwealth*, 261 SE2d 328 (Va. 1980).

[24] *Wilkett*, supra, quoting *Lee v. United States*, 432 U. S. 23 (97 SC 2141, 53 LE2d 80) (1977) (emphasis in original).

the defendant's guilt that it "failed to muster in the first proceeding."[25] Stated differently, double jeopardy forbids the State from testing its case in the first trial, finding its evidence of guilt insufficient, and then, armed with that knowledge, trying to convict a second time with additional evidence.

Reversal due to improper venue, however, is altogether different. It is not a reversal due to "insufficient evidence" within the ambit of *Burks* and its progeny.[26] A reversal for improper venue is not a factual determination concerning the sufficiency or insufficiency of evidence that a defendant committed a criminal act. Rather, it is a reversal due to insufficient evidence to support conducting a trial in a particular court's domain. As such, it is more a procedural matter than anything else. In *Burks*, the Supreme Court distinguished reversals based upon this type of procedural error from reversals that are based upon insufficient evidence to prove guilt beyond a reasonable doubt:

> In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some [way].[27]

Accordingly, we conclude that if a criminal conviction is reversed because of an evidentiary insufficiency concerning the procedural propriety of laying venue within a particular forum, and not because of an evidentiary insufficiency concerning the accused's guilt, retrial is not barred by the Double Jeopardy Clause.

It follows that in this matter, because our reversal in Division 3, supra, is based upon insufficient evidence to prove venue beyond a reasonable doubt, the State is not barred by the Double Jeopardy Clause from retrying appellant, so long as venue is properly established at retrial.[28]

*Judgment reversed. All the Justices concur, except Benham, C. J.,*

---

[25] *Haney*, supra.

[26] Id.

[27] *Burks*, 437 U. S. at 15.

[28] It also bears noting that our Georgia Constitution designates the defendant as the party possessing the right to be tried in the county in which the crime is alleged to have occurred. Hence, our reversal of appellant's conviction and ordering of a new trial actually upholds and protects appellant's constitutional rights regarding venue. Retrial in this matter will not be for purposes of "afford[ing] the government an opportunity for the proverbial 'second bite at the apple,' " *Burks*, 437 U. S. at 17, and thus does not invoke the Double Jeopardy Clause.

*and Hunstein, J., who dissent.*

BENHAM, Chief Justice, dissenting.

I respectfully dissent to the majority opinion because I believe the evidence in the record was sufficient to support the jury's finding that the state met its burden in establishing venue. Even if we assume that the State is required to establish venue beyond a reasonable doubt, whether the State has met that burden is a question for the jury. *Johns v. State*, 239 Ga. 681 (1) (238 SE2d 372) (1977); *Jones v. State*, 245 Ga. 592 (2) (266 SE2d 201) (1980). As such, it is our duty to uphold the jury's determination on this issue when there is sufficient evidence in the record authorizing a rational trier of fact to make such a finding. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In the instant case, two witnesses testified as to venue. A Fulton County police investigator testified that the crime scene was on Evans Drive, and a neighbor to the victim testified he lived on Evans Drive; that Evans Drive is in Fulton County; and that the crime took place in a house directly across the street from the witness's house. This evidence is more than sufficient to authorize a reasonable jury to find the prosecution proved venue beyond a reasonable doubt. While it is possible that houses that are directly across from one another, or even next door to each other, are in different counties since county lines may be drawn anywhere, there was no evidence in this case to suggest this possibility. Even if one were to speculate, reasonable people may differ as to whether this possibility creates a sufficient doubt under the law with respect to the venue question at hand because it is axiomatic that the majority of houses located opposite each other on a particular street will be located in the same county.

Neither is this conclusion affected by the holding in *Bradley v. State*, 238 Ga. App. 490 (519 SE2d 261) (1999). The majority cites *Bradley* for the proposition that "a street name, standing alone, is never sufficient to establish venue, because streets frequently run through more than one county." *Bradley* is distinguishable from the instant case. In *Bradley*, the Court of Appeals, using the "slight evidence exception," held that venue for the defendant's convictions for driving under the influence and failure to maintain lane had not been established by a trooper's testimony that he observed the defendant's vehicle weaving on the northbound lane of Georgia Highway 5 and on Baptist Camp Road. The court ruled that since the trooper did not specify in which county Georgia Highway 5 or Baptist Camp Road were located, the jury had no evidence to determine in which county those streets were located. However, in the instant case, the witness specified that Evans Drive was located in Fulton

County and that the crime occurred in a house that was directly opposite his house on Evans Drive. Because this evidence was sufficient to authorize a rational jury to find that venue was established beyond a reasonable doubt, I respectfully dissent.

I am authorized to state that Justice Hunstein joins this dissent.

DECIDED OCTOBER 2, 2000 —
RECONSIDERATION DENIED OCTOBER 20, 2000.

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, H. Maddox Kilgore, Assistant Attorney General*, for appellee.