## A03A1399. CHALIFOUX v. THE STATE.
(587 SE2d 62)

ADAMS, Judge.

Louis Chalifoux was convicted and sentenced on two counts of child molestation. On appeal he contends that the State failed to establish venue.

When a defendant pleads not guilty and stands for trial, the

---

[1] 254 Ga. App. 102, 104-106 (561 SE2d 235) (2002).
[2] 276 Ga. 612 (580 SE2d 215) (2003).

State must establish venue beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 902 (537 SE2d 80) (2000). "The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence." Id. at 902-903. "As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted." *Chapman v. State*, 275 Ga. 314, 317 (565 SE2d 442) (2002).

Evidence was presented to show that Bert Rutland, the chief of police of Lake Park, Georgia, investigated the alleged child molestation. Lake Park is located in Lowndes County. Rutland worked with officers from the Lowndes County Sheriff's Department and agents of the Lowndes County Department of Family and Children Services. At an interview at Lake Park city hall, the child implicated Chalifoux, her father, and someone named "Pops." The child told a clinical psychologist that her father and Pops had inserted a finger into her private area. The child told an investigator from DFCS that the incident involving her father occurred in the bedroom at her home while sleeping with her father. Chalifoux and the child lived in Lake Park, inside the city limits, at his mother's house. On the videotape of the child's interview by DFCS, the child said that the incident happened at her grandmother's house.

Evidence was also presented to show that the family had only lived in Lake Park for four to six weeks prior to the time that the investigation began. Prior to that time, the child lived in Jacksonville, Florida, for the first three and a half years of her life. There was also evidence that Chalifoux lived in either Madison County or Madison, Florida, for some period of time with a man named Pops.

The indictment alleged that Chalifoux committed child molestation during the time that he and the child lived in Lowndes County — between May 1 and June 18.

Construed in favor of the verdict, a rational juror could find beyond a reasonable doubt that the crime occurred in Lowndes County. The child said that the event with her father occurred in her grandmother's house, which is where the two lived at the time of the allegations. Although there was a suggestion that the crime may have occurred in Florida, there was testimony that Chalifoux did not live with the child at that time and that he only occasionally visited the child there. With regard to Madison County or Madison, Florida, there is no evidence that the child considered that her home at the time of the allegations.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 27, 2003.

*Cork & Cork, Patrick C. Cork*, for appellant.
*J. David Miller, District Attorney*, for appellee.