**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 12, 2013**

# In the Court of Appeals of Georgia

A13A0107. MULDROW v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Austin Muldrow was convicted on two counts of possession of a firearm during the commission of a crime, possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute.[1] On appeal, Muldrow contends that (1) there is insufficient evidence on one count of possession of a firearm during the commission of a crime, (2) the State failed to prove venue, (3) he received ineffective assistance of counsel when his attorney failed to move for a directed verdict after the State failed to prove venue, (4) he received ineffective assistance of counsel when his attorney stipulated to venue without his express authorization, and (5) the trial court erred in accepting a stipulation to venue without

---

[1] He was acquitted on charges of malice murder and felony murder.

a proper showing that Muldrow authorized same. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[2] the record reflects that in the early morning hours of June 1, 2006, Antonio McDaniel was shot in the head and killed on a residential street in Augusta. Muldrow lived in a house adjacent to where McDaniel's body was found, and he and his live-in girlfriend were questioned during law enforcement's investigation.

During questioning, Muldrow consented to various searches of his homes and vehicles.[3] He also directed law enforcement as to where they could locate weapons and drugs in these locations. Officers discovered three firearms, ammunition, a one-gallon-sized bag filled with 127.8 grams of marijuana individually packaged in small plastic baggies, a bag of more than 17 grams of crack cocaine, a bag with five pieces of crack cocaine, and scales typically associated with weighing narcotics.

In the course of continued questioning, Muldrow became a suspect in the murder due to inconsistencies between his statements and those of his girlfriend.

---

[2] *See, e.g.*, *Goolsby v. State*, 299 Ga. App. 330, 330 (682 SE2d 671) (2009).

[3] In addition to the residence near the crime scene, Muldrow also kept belongings at an abandoned home that had formerly belonged to his mother.

Muldrow eventually told law enforcement that he killed McDaniel, but he later denied that this was true. Nevertheless, he never denied possessing the firearms or drugs. Muldrow also testified at trial that he sold cocaine to an acquaintance on the night in question and that he routinely sold drugs from a hotel room.

The jury subsequently convicted Muldrow of possessing a weapon during the commission of a crime and possessing marijuana and cocaine with the intent to distribute,[4] but he was acquitted on the murder charges.[5] This appeal follows.

At the outset, we note that on appeal from a criminal conviction, "we view the evidence in the light most favorable to the jury's verdict, and the defendant is no

---

[4] *See* OCGA § 16-11-106 (b) ("Any person who shall have on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit [certain enumerated felonies] commits a felony and, upon conviction thereof, shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received."); OCGA § 16-13-30 (b) ("Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance."); OCGA § 16-13-30 (j) (1) ("It shall be unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana.").

[5] *See* OCGA § 16-5-1 (a) ("A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being."); OCGA § 16-5-1 (c) ("A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice.").

3

longer presumed innocent."[6] And in evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine "if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt."[7] Accordingly, the jury's verdict will be upheld so long as there is "some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[8] With these guiding principles in mind, we turn now to Muldrow's enumerations of error.

1. First, we will address Muldrow's contention that the evidence against him was insufficient to sustain one of the convictions for possession of a weapon during the commission of a crime.[9] Specifically, Muldrow argues that because he was acquitted of murder, there was no basis for the underlying felony of possession of a weapon during the commission of a crime. However, this argument is wholly without

---

[6] *Goolsby*, 299 Ga. App. at 330 (punctuation omitted).

[7] *Id.* at 330-31 (punctuation omitted).

[8] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (punctuation omitted).

[9] Although this is the only argument Muldrow makes as to the sufficiency of the evidence against him, we note that the evidence was sufficient to sustain his other convictions as well.

4

merit due to Georgia's rejection of the inconsistent-verdict rule.[10] It is well established that a defendant "cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count."[11] Accordingly, Muldrow's argument that his conviction for possession of a firearm during the commission of a crime is void fails.[12]

2. Next, in three separate enumerations of error, Muldrow contends that the State failed to establish venue, that his trial counsel was ineffective in failing to move for a directed verdict as to this failure, and that his counsel was ineffective in stipulating to venue. We agree that the State's evidence failed to establish venue, but venue was ultimately established by way of a stipulation to same, and Muldrow did not receive ineffective assistance of counsel in this regard. We will address each of his contentions in turn.

---

[10] *See, e.g.*, *Coleman v. State*, 286 Ga. 291, 295-96 (4) (687 SE2d 427) (2009) (rejecting defendant's argument that conviction for possession of a weapon during the commission of a crime could not stand in light of his acquittal on the underlying felony); *Lawrence v. State*, 274 Ga. 794, 794 (2) (560 SE2d 17) (2002) (same).

[11] *Coleman*, 286 Ga. at 296 (4).

[12] *See id.*

(a) First, as to venue, we note that the Georgia Constitution requires that venue in all criminal cases "be laid in the county in which the crime was allegedly committed."[13] And as with every other material allegation contained in an indictment, the State must prove venue beyond a reasonable doubt.[14] Indeed, when a defendant pleads not guilty to criminal charges, the State must prove venue by more than "slight evidence."[15] And the failure to prove venue beyond a reasonable doubt "renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal."[16]

---

[13] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000); *see also* GA. CONST. art. VI, sec. II, par. VI ("[A]ll criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county."); OCGA § 17-2-2 (a).

[14] *See, e.g.*, *Jones*, 272 Ga. at 901 (2) ("Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt." (punctuation omitted)).

[15] *See id.* at 902 (2) ("[C]lose examination of the 'slight evidence exception' reveals that, by its own definition, it can never be applied to situations where a criminal defendant pleads not guilty to the charges indicted against him or her and is placed on trial.").

[16] *Id.* at 901-02 (2).

In the case *sub judice*, the State maintains that it presented sufficient evidence of venue; however, the State's arguments in support of this contention are without merit. Indeed, it is well established that proving a crime happened on a particular street is not sufficient to establish venue,[17] nor is "proving that a crime took place within a city without also proving that the city is entirely within a county . . . ."[18] Additionally, the investigating officers' county of employment "does not, in and of itself, constitute sufficient proof of venue to meet the beyond a reasonable doubt standard."[19] And finally, contrary to the State's assertions, this Court cannot rely upon material not presented to the jury to find that venue was proper;[20] "[n]or are we, as a

---

[17] *See, e.g.*, *Bizzard v. State*, 312 Ga. App. 185, 186 (2) (718 SE2d 52) (2011) ("As our Supreme Court has explained, however, a street name, standing alone, is never sufficient to establish venue, because streets frequently run through more than one county." (punctuation omitted)); *Powers v. State*, 309 Ga. App. 262, 263 (1) (709 SE2d 821) (2011).

[18] *Bizzard*, 312 Ga. App. at 187 (2) (punctuation omitted); *accord Powers*, 309 Ga. App. at 263 (1).

[19] *Powers*, 309 Ga. App. at 264 (1) (punctuation omitted); *see also In the Interest of D. D.*, 287 Ga. App. 512, 514-15 (2) (b) (651 SE2d 817) (2007) ("[T]he fact that the responding officers were employed by the Coweta County Sheriff's Department cannot serve as the exclusive proof that the crimes occurred in that county.").

[20] *See Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003) (reversing Court of Appeals decision that found venue proper because Court of

reviewing court, free to resort to judicial notice to legitimize a judgment."[21]

Nevertheless, as further discussed *infra*, venue was established when Muldrow

stipulated to same at the State's request.[22] Accordingly, this enumeration of error is

without merit.

(b) Next, as to Muldrow's argument that he received ineffective assistance of

counsel, in general, when a defendant claims that his trial counsel was ineffective, he

has the burden of establishing that "(1) his attorney's representation in specified

---

Appeals "relied upon evidence that was never presented to the jury in order to conclude that the evidence of venue was sufficient" and, by doing so, "failed to conduct a proper sufficiency review").

[21] *Bradley v. State*, 238 Ga. App. 490, 490 (519 SE2d 261) (1999) (declining to take judicial notice of geographical facts to support venue and noting that there was no indication in the record that the trial court took judicial notice of same); *accord Tunarka v. State*, 247 Ga. App. 578, 579 (545 SE2d 15) (2001); *see* OCGA § 24-2-1 (setting forth the proper procedure through which the trial court may take judicial notice of adjudicative facts).

[22] *See Tompkins v. State*, 278 Ga. 857, 857 (1) (607 SE2d 891) (2005) ("A defendant may stipulate to venue or other factual matters, but the record must reflect that the defendant expressly authorized such stipulation and that the stipulation was intended to obviate the need for direct proof."); *see also State v. Dixon*, 286 Ga. 706, 708 (2) (691 SE2d 207) (2010) ("A criminal defendant may waive jurisdictional defenses and may expressly authorize factual stipulations that will obviate the need for proof." (citations omitted)). *Cf. Thompson v. State*, 277 Ga. 102, 104 (2) (586 SE2d 231) (2003) ("Because no valid stipulation regarding venue existed, the State was required to introduce evidence at trial on the issue.").

instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[23] And when the trial court determines that a defendant has not received ineffective assistance, we will affirm that decision on appeal unless it is clearly erroneous.[24]

Here, Muldrow first takes issue with his counsel's failure to move for a directed verdict as to the State's failure to establish venue and, second, with his counsel's ultimate stipulation to venue. But Muldrow cannot establish that he received ineffective assistance of counsel in either instance.

To begin with, the record reflects that Muldrow's counsel moved for and was denied a directed verdict as to the issue of murder at the close of the State's evidence, but he did not move for a directed verdict on the issue of a failure to establish venue. And later during the charge conference, despite opining that venue had been shown, the State expressed reservations over not having asked any witness the specific question of whether the crimes occurred in Richmond County and, thus, sought leave

---

[23] *Owens v. State*, 317 Ga. App. 821, 823 (1) (733 SE2d 16) (2012) (punctuation omitted).

[24] *Id.*

9

to reopen the evidence to ask that question of a witness. In response, Muldrow's counsel had no objection to the State's request. And as a result of defense counsel's willingness to permit the evidence to be reopened for purposes of establishing venue, the State inquired as to whether Muldrow would stipulate that venue was indeed proven. Muldrow's counsel agreed to same on his client's behalf, and venue in Richmond County was thereafter stipulated to before the jury.

As previously noted, Muldrow contends that his counsel was ineffective in failing to move for a directed verdict on the failure to establish venue and his ultimate decision to stipulate to venue. Pretermitting whether either decision fell below the objective standard of reasonableness, Muldrow cannot prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25] Indeed, had defense counsel either moved for a directed verdict as to the lack of venue or decided against ultimately stipulating to same, the trial transcript clearly shows that the State was prepared to reopen the evidence to recall a witness for the purposes of asking whether the events transpired

---

[25] *Bradley v. State*, Case No. S12A1857, 2013 WL 1092585, at *5 (5) (Ga. Mar. 18, 2013) (punctuation omitted).

10

in Richmond County, and the trial court had discretion to permit such a procedure.[26] Accordingly, Muldrow's contentions are without merit.

3. Finally, Muldrow maintains that the trial court committed error by accepting his counsel's stipulation to venue without "a proper showing that [Muldrow] authorized said stipulation." Specifically, Muldrow contends that the trial court should have inquired as to whether he authorized his attorney to enter into the stipulation and, therefore, committed error in accepting the stipulation without having done so.

In support of this contention, Muldrow—in what can only be described as a remarkable display of appellate ingenuity—quotes language contained in a

---

[26] *See Davenport v. State*, 308 Ga. App. 140, 157 (3) (706 SE2d 757) (2011) (holding that trial court did not commit error when it allowed State to reopen evidence to establish venue); *see also Dandy,* 238 Ga. App. at 435 (2). *Cf. Hinkle*, 282 Ga. App. at 330 (3).

parenthetical to a physical-precedent[27] citation in dicta of *Sanders v. State*.[28] Suffice it to say, we are not bound to follow extraneous non-precedential musings.[29] But even if this Court were inclined to rely upon this language, it would only benefit Muldrow if we likewise adopted his overly narrow view of the requirement that an accused authorize a stipulation—*i.e.*, that a trial court must question the accused personally as to whether he agrees to enter into a stipulation. We decline to do so.

---

[27] *See* Court of Appeals Rule 33 (a) ("If an appeal is decided by a Division, a judgment in which all three judges fully concur is a binding precedent; provided, however, an opinion is physical precedent only with respect to any Division of the opinion for which there is a concurrence in the judgment only or a special concurrence without a statement of agreement with all that is said . . . . The opinion of a case which is physical precedent shall be marked as such.").

[28] 252 Ga. App. 609, 613 (2) (556 SE2d 505) (2001) (citing *In re Glenn*, 200 Ga. App. 276 (407 SE2d 428) (1991) (physical precedent only), for the proposition that "in criminal cases, the court should not accept a stipulation as to a material fact without a showing that it was authorized by the accused himself").

[29] This is not to say, however, that a party on appeal should shy away from citing physical precedent as persuasive authority. Indeed, some of the judges on this Court are of the view that our physical-precedent cases should be afforded greater consideration than decisions from appellate courts in other jurisdictions. Nevertheless, it is crucial that litigants explicitly designate physical precedent as such, and thoroughly explain why this Court should adopt the reasoning from that particular opinion. This, Muldrow failed to do.

Here, unlike in *In re Glenn*,[30] the stipulation was both made by Muldrow's attorney and presented to the jury in Muldrow's presence without objection, which was sufficient to bind Muldrow and show his authorization.[31] Accordingly, the trial court did not err by accepting Muldrow's stipulation to venue.

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*

---

[30] 200 Ga. App. 276, 276 (407 SE2d 428) (1991) (noting that "[t]here is some question whether the pretrial stipulation [by counsel] had ever become valid and enforceable prior to its withdrawal, it having been secured outside the presence of [the defendant] and [the defendant] apparently not having otherwise ratified it") (physical precedent only).

[31] *See Denson v. State*, 150 Ga. 618, 620-21 (4) (104 SE 780) (1920) (holding that waiver by attorney was binding upon the accused when, before the State introduced the evidence complained of on appeal, counsel for the State, "in the presence of the accused and his counsel, stated the agreement, and the evidence of the witness was then read to the jury in the presence of the accused and his counsel . . . without objection"); *see also id.* at 621 ("It is generally agreed that stipulations, whether made by the defendant himself or by his counsel, are binding. The authorities are generally agreed upon the proposition that it is immaterial whether the stipulation is made by counsel employed by the accused or by counsel appointed by the court for the accused."); *Dryer v. State*, 205 Ga. App. 671, 672 (1) (423 SE2d 297) (1992) ("Generally, a statement by defense counsel made in the presence of the defendant relating to the defendant's conduct is considered a statement by the defendant himself if the defendant does not repudiate counsel's authority to make the statement."). *Compare Farmer v. State*, 100 Ga. 41, 45-46 (28 SE 26) (1896) (holding that admissions purportedly made by an accused by way of his agents or attorneys in pleadings from a civil case are not admissible in a criminal case "unless shown to have been authorized by him").

13