NAHMIAS, Justice,
concurring.
I join the Court’s opinion in full, including its holding in Division 3 that the jury could find proper venue for the murder in Fulton County based on the testimony that the fatal shooting occurred in a moving car that was close to — but not already in — the parking lot in Fulton County where the victim’s body was dumped. The Court does not explain how it reconciles that conclusion with Jones v. State, 272 Ga. 900 (537 SE2d 80) (2000) — the case on which appellant relies — in which the majority opinion held that venue was not established by evidence that the murder occurred directly across the street from a house in Fulton County because “[i]t is entirely possible that the ... house is located in one county, while the houses located across the street are sited in an adjoining county.” Id. at 903-904.1 do not mind ignoring Jones, because as I have explained elsewhere, its holding does not accord with common sense, particularly given the geographic realities of our state. See O’Donnell v. Smith, 294 Ga. 307, 313-314 (751 SE2d 324) (2013) (Nahmias, J., concurring). See also Propst v. State, 299 Ga. 557 (788 SE2d 484) (2016) (Nahmias, J., concurring). But rather than continuing to disregard or work around Jones’s illogical holding, the Court should simply go ahead and formally disapprove it.