## 66119. DRAYTON v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of one count of aggravated battery (OCGA § 16-5-24 (Code Ann. § 26-1305)) and one count of aggravated assault (OCGA § 16-5-21 (Code Ann. § 26-1302)). He challenges both convictions on the general grounds and questions one cautionary instruction given at trial.

1. The evidence adduced at trial showed that appellant attacked Harrison Griffin with a bottle of "home brew." A scuffle ensued, during which appellant bit off one of Griffin's ears. There was ample evidence from which any rational trier of fact could have concluded beyond a reasonable doubt that appellant was guilty of each element of the offense of aggravated battery. OCGA § 16-5-24 (Code Ann. § 26-1305). Accordingly, the evidence was sufficient to support this conviction. Jackson v. Virginia, 443 U. S. 307 (99 SC

2781, 61 LE2d 560).

2. Johnny McMillan testified that he was approached by appellant brandishing a strange-looking gun which he placed next to McMillan's head. The victim stated that he was greatly frightened by appellant's actions and feared that the weapon would go off. It was later discovered that the gun was apparently inoperable. Appellant now contends that the state failed to prove that the assault on McMillan was accomplished with a deadly weapon. "We hold that if it reasonably appears to the assault victim that the firearm is or might be loaded then the assailant should be held to the consequences of using a deadly weapon whether or not the weapon in fact is loaded. A shotgun used in the manner established by the evidence in *Watts* [*v. State,* 142 Ga. App. 857 (4) (237 SE2d 231), where an inoperable firearm was used by the assailant] . . . is a 'deadly weapon' as a matter of law within the meaning of our aggravated assault statute. [OCGA § 16-5-21] Code Ann. § 26-1302." *Adsitt v. State,* 248 Ga. 237 (6) (282 SE2d 305). The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault. *Watts v. State,* supra; Jackson v. Virginia, supra.

3. Appellant's final enumeration challenges the instruction given by the trial court cautioning the jury as to the potential danger presented by the subject weapon, which still contained the round of ammunition. The court charged as follows: ". . . the Court instructs you that the exhibit which is presently being held by the court bailiff and which will be out with you is at this time, could be at this time and may be at this time in an extremely dangerous condition and the Court instructs you that you should handle it accordingly. Observation is the reason that this Court instructs you as to that possibility. This Court is not instructing you that this is a dangerous exhibit and this Court is not instructing you that it is not a dangerous exhibit. This Court is instructing you it may be an extremely dangerous exhibit and asks you to exercise considerable discretion in any movement of the same after it is left in your care."

Appellant argues that this charge constituted an impermissible comment on the nature of the evidence. We disagree. The court was justifiably concerned about the deliberating jurors handling a firearm with a potentially live round of ammunition in the chamber, even though the weapon appeared to be inoperable. This concern was shared by counsel for appellant and counsel for the state. The trial judge carefully chose his words so as to point out only the obvious fact that the instrument might be dangerous. He was careful to note that he was not instructing them that it was dangerous. Under the circumstances in which it was given, the instruction was wholly proper and was not error.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 14, 1983.

*David E. Perry,* for appellant.
*Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney,* for appellee.