## 68469. HARPER v. THE STATE.
### (321 SE2d 805)

SOGNIER, Judge.

Appellant appeals his conviction of armed robbery.

1. Appellant and a second man offered the victim a ride from the Fort Gordon bus station to the Augusta bus station. En route, appellant put a gun to the victim's head and robbed him. Appellant now contends the State failed to prove venue in Richmond County, where the case was tried.

Appellant did not challenge venue at trial, and where venue is not contested slight proof will suffice. *Williams v. State,* 162 Ga. App. 680, 681 (1) (292 SE2d 560) (1982). The transcript in this case is replete with references to Richmond County, Augusta, Fort Gordon and the Augusta airport. We held in *Williams,* supra, that this court may take judicial notice of the location of cities within a county. Thus, we take judicial notice that Augusta, Georgia, is in Richmond County.

Appellant also argues that it was not clear whether the offense occurred in Burke County or Richmond County. In this regard, OCGA § 17-2-2 (h) provides: *"Crime in more than one county.* If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it *might* have been committed."* (Emphasis supplied.) The victim in this case was given a ride by appellant and another man at the Fort Gordon, Georgia, bus station; the victim was robbed in Augusta, which is in Richmond County; and the victim was let out about one mile from the Augusta Airport. Such evidence established beyond reasonable doubt that the offense might have been committed in Richmond County, and is sufficient to show venue in Richmond County. *Harris v. State,* 165 Ga. App. 249, 251 (3) (299 SE2d 924) (1983).

2. Appellant contends the trial court erred by denying his motion to strike the victim's testimony identifying appellant in court because it was based on an impermissibly suggestive photographic lineup. In this regard, a police officer displayed seven photographs to the victim, and told him there was a suspect in the group of photographs. Appellant argues that this procedure was impermissibly suggestive, thereby tainting the in-court identification.

In a case involving photographic identification, each case must be considered on its own facts, and convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *McCranie v. State,* 151 Ga. App. 871, 873 (2) (261 SE2d 779) (1979).

In the instant case the victim was positive in his identification of

appellant and picked out appellant immediately from the group of seven photographs. The victim also testified that his in-court identification was based on his observations of appellant at the time of the robbery, which occurred in broad daylight. In a similar case where the victim was told by police that they had a suspect in custody, our Supreme Court applied the "totality of circumstances" test and found that the photographic array was not impermissibly suggestive and that the in-court identification was reliable. *Harper v. State*, 251 Ga. 183, 187 (2) (304 SE2d 693) (1983). Applying the same test here, we do not find the pretrial procedure impermissibly suggestive, id., nor do we find that appellant was denied a fair trial. *Harbin v. State*, 165 Ga. App. 631, 635 (4) (302 SE2d 386) (1983), U. S. cert denied, 104 SC 143.

Appellant also contends that the in-court identification was tainted because the prosecuting attorney told the victim where appellant would be sitting in court. As stated above, the victim's identification was based on his observation of appellant during the robbery. Further, the victim testified that he did not know where appellant was sitting until asked to identify him in open court. Since appellant's in-court identification was based solely on his observation of appellant at the time of the robbery, the identification was not tainted by anything the prosecuting attorney told the victim prior to trial.

Considering all circumstances of this case, it was not error to overrule the motion to strike the victim's identification testimony. *Harbin*, supra.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 10, 1984.

*Otis W. Harrison*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.