A93A2195. WHITE v. THE STATE.
(436 SE2d 584)

McMURRAY, Presiding Judge.

Defendant was accused, tried and convicted of aggravated battery and aggravated assault. The trial court vacated the aggravated assault conviction by merging it with the aggravated battery conviction and sentenced defendant to serve 20 years in confinement. This appeal followed the denial of defendant's motion for a new trial. *Held*:

It was not incumbent upon the State to prove that defendant intended to maim. The former offense of mayhem was replaced by the offense of aggravated battery. *Wells v. State*, 125 Ga. App. 579 (188 SE2d 407). In a prosecution for aggravated battery, the State must show that defendant "maliciously cause[d] bodily injury to another by depriving him of a member of his body, by rendering a member of his body useless, or by seriously disfiguring his body or a member thereof." OCGA § 16-5-24 (a).

The State demonstrated that, following a quarrel between defendant and the victim, defendant aimed a gun at the victim and shot her, leaving her left leg paralyzed. This evidence was sufficient to enable any rational trier of fact to find defendant guilty of each element of the offense of aggravated battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Drayton v. State*, 167 Ga. App. 477 (1) (306 SE2d 731). See also *Magsby v. State*, 169 Ga. App. 637 (1) (314 SE2d 473).

Whether or not defendant's conduct was justified was a question for the jury to resolve. See *Taylor v. State*, 252 Ga. 125, 126 (1) (312 SE2d 311). This Court considers only the sufficiency, not the weight, of the evidence. *Steele v. State*, 166 Ga. App. 24, 25 (2), 26 (303 SE2d 462).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 14, 1993.

*Johnny B. Mostiler*, for appellant.
*Johnnie L. Caldwell, Jr.*, District Attorney, *Daniel A. Hiatt*, Assistant District Attorney, for appellee.