648 S.E.2d 699 (2007)
In the Interest of E.G., a child.
No. A07A1222.
Court of Appeals of Georgia.
June 25, 2007.
Richard C. Metz, Savannah, for appellant.
*700 Jewel C. Scott, District Attorney, Kimberly Rowden, Assistant District Attorney, for appellee.
BARNES, Chief Judge.
E.G. appeals from an order of the juvenile court in which he was adjudicated delinquent for robbery by force and obstruction of a law enforcement officer. He alleges that the trial court erred in finding sufficient evidence to convict him of committing the delinquent acts of robbery by force and obstruction of a law enforcement officer.
On appeal we apply the standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which is whether a rational trier of fact could have found reasonably from the evidence presented proof that the juvenile committed the offense charged beyond a reasonable doubt. In the Interest of R.A.W., 197 Ga. App. 225, 398 S.E.2d 261 (1990). Further, this court must construe the evidence with every inference and presumption in favor of upholding the findings of the trier of fact, and issues of credibility of witnesses and resolution of conflicts in the evidence are within the province of the trial court. Reviewing the evidence in this manner shows that the evidence was sufficient. Id.
So viewed, the evidence showed that the victim was riding his bicycle when he was chased by three teenage males. When the three teens caught up to the victim, one of the group kicked out the back tire of the victim's bicycle, causing him to fall off the bike. E.G. was part of a second group of teenaged boys who ran after the victim. E.G. approached the victim and grabbed his arm then told the victim to "give up the bread." E.G. was close enough to the victim's face that he could smell E.G.'s breath. The victim handed over $3 and told the boys that was all he had. One of the boys then hit the victim in the shoulder with a 40-ounce beer bottle. E.G. then searched the victim's pockets, found his wallet, took $20 from the wallet, and threw the victim's keys into a nearby bush. According to the victim, "[E.G.] was the one that was being verbal, taking things out of his pockets, and was basically doing the robbery."
A man drove up to the scene and stopped, and the victim ran from the group of boys and got into the car. They called 911, followed the teen who was riding the victim's bicycle, and recovered the victim's bicycle before police arrived. When police arrived at the scene, an officer saw E.G. and two other males walking nearby and asked the group to stop. The boys ran, but E.G. was apprehended by a second officer and detained. The detective on the scene took the victim to where E.G. was being detained, and the victim identified E.G. as the ring leader of the attack. E.G. threatened the victim when he identified E.G. as the leader of the group of boys.
1. One commits the offense of robbery by force when a person intends to commit theft while taking property of another by use of force. OCGA § 16-8-40(a)(1). E.G. appeals his adjudication of delinquent of robbery by force contending that the evidence was insufficient to find him delinquent of that act. Specifically, E.G. contends that there was no corroboration of the victim's testimony. However, the testimony of a single witness is sufficient to establish a fact, thus this argument is without merit. OCGA § 24-4-8. Further, it is not this court's job to take the roll of factfinder, we do not resolve conflicts in the evidence or determine the credibility of witnesses. Those issues are for the juvenile court to decide. In the Interest of R.J.S., 277 Ga.App. 74, 625 S.E.2d 485 (2005). Based on the evidence presented at trial, we are satisfied that any rational trier of fact could have found E.G. guilty beyond a reasonable doubt.
2. E.G. also contends that the evidence was insufficient for a rational trier of fact to find him delinquent for obstruction of a law enforcement officer. Obstruction consists of knowingly and wilfully obstructing or hindering a law enforcement officer in the lawful discharge of his duties. OCGA § 16-10-24(a). E.G. maintains that he was not told to stop by the arresting officer, thus he could not have knowingly obstructed the officer from the discharge of his duties. This contention, however, is contrary to the officer's testimony, and it is the function of the *701 juvenile court, as the factfinder, to resolve such issues of credibility. Moreover, "flight, or attempted flight, after a command to halt constitutes obstruction of an officer within the meaning of [OCGA § 16-10-24]." Tankersley v. State, 155 Ga.App. 917, 920(4)(A), 273 S.E.2d 862 (1980).
We find that the evidence supports the trial court's findings on both the robbery by force conviction and the obstruction of a law enforcement officer conviction, and E.G.'s contentions otherwise are without merit.
Judgment affirmed.
SMITH, P.J., and MILLER, J., concur.