658 S.E.2d 194 (2008)
In the Interest of J.B., a child.
No. A07A2063.
Court of Appeals of Georgia.
February 14, 2008.
*195 Craig T. Pearson, for Appellant.
Tom Durden, District Attorney, Claira E. Mitcham, Assistant District Attorney, for appellee.
BARNES, Chief Judge.
J.B., a child, appeals his numerous adjudications of delinquency for simple assault, reckless conduct, pointing a gun at another, possession of a pistol/revolver by a person under the age of 18 years, making terroristic threats, criminal trespass, and disorderly conduct. He contends that the adjudications must be vacated because the State failed to prove venue beyond a reasonable doubt. J.B. asserts specifically that the State did not prove that any of the offenses occurred in Liberty County. We agree, and therefore reverse the judgment.
On appeal we apply the standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which is whether a rational trier of fact could have found reasonably from the evidence presented proof that the juvenile committed the offense charged beyond a reasonable doubt. In the Interest of R.A.W., 197 Ga. App. 225, 398 S.E.2d 261 (1990). "Further, this court must construe the evidence with every inference and presumption in favor of upholding the findings of the trier of fact, and issues of credibility of witnesses and resolution of conflicts in the evidence are within the province of the trial court." In the Interest of E.G., 286 Ga.App. 137, 138, 648 S.E.2d 699 (2007).
Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. [Ga. Const. 1983, Art. VI, Sec. II, Par. VI.] Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without sufficient evidentiary basis, and warrants reversal.
(Punctuation and footnotes omitted.) Jones v. State, 272 Ga. 900, 901(2), 537 S.E.2d 80 (2000). "Cases against juveniles alleging delinquent conduct may be brought in either the county of the juvenile's residence or the county in which the allegedly delinquent acts occurred. OCGA § 15-11-29(a)." In the Interest of D.D., 287 Ga.App. 512, 513(2), 651 S.E.2d 817 (2007). In the instant case, the relevant county, Liberty County, was never mentioned by any witness. The closest that venue identification occurred was a mention of a crime scene address as "316 Palmer Lane." That instance was unaccompanied by any mention of a city, county, or state. Other location identifications were just as, or even more, inadequate: "BP store"; "Ms. Boyd's house"; "806 Shadow Walk Lane"; and "Raintree Apartments."
The State initially argues that, because the defense did not object regarding the location of the alleged incidents, the decision *196 of the juvenile court must be affirmed. This argument is without merit. Whether the defense made an objection regarding the location of the alleged incidents is irrelevant. "When a charging document alleges that venue is proper in a certain county, and a defendant pleads not guilty in response to that charging document, he has irrefutably challenged all allegations contained therein, including those pertaining to venue." Graves v. State, 269 Ga. 772, 774(1), 504 S.E.2d 679 (1998), overruled in part on other grounds, Jones v. State, supra 272 Ga. at 903(2), 537 S.E.2d 80 (2000).
The State then relies upon the fact that the street addresses and other locations named in the record are located in Hinesville, that the juvenile court judge, as trier of fact, took judicial notice of the fact that Hinesville lies entirely within Liberty County, and that during the trial one of the witnesses testified that, "I know I spoke with Captain Reed. She's the one over the Hinesville Police Department." But, "[a]s [has been clearly] stated by our Supreme Court, proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." (Citation and punctuation marks omitted.) In the Interest of D.D., supra, 287 Ga.App. at 514(2)(a), 651 S.E.2d 817.
Furthermore, "[t]he investigating officers' county of employment does not, in and of itself, constitute sufficient proof of venue to meet the beyond a reasonable doubt standard." (Citation and punctuation omitted.) In the Interest of D.D., supra, 287 Ga.App. at 515(2)(b), 651 S.E.2d 817. Here, the State never proved that the alleged crimes took place in the city of Hinesville, much less within Liberty County. Additionally, contrary to the State's assertion otherwise, we can find no indication in the record that the juvenile court took judicial notice of the fact that Hinesville is located in Liberty County. Indeed, "if a trial court intends to take judicial notice of any fact, it must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." Graves v. State, 269 Ga. 772, 775(4)(a), 504 S.E.2d 679 (1998).
"Although we are reversing the juvenile court's delinquency adjudication, . . . the state may retry [J.B.] without violating the Double Jeopardy Clause because there was otherwise sufficient evidence at trial to support the defendant's convictions for the crimes charged." (Punctuation omitted.) In the Interest of D.D., supra.
Judgment reversed.
SMITH, P.J., and MILLER, J., concur.