## A11A1386. BIZZARD v. THE STATE.

(718 SE2d 52)

BLACKWELL, Judge.

Following a bench trial, Robert Earl Bizzard was convicted of aggravated battery in violation of OCGA § 16-5-24 (a), for attacking and seriously injuring his wife. Bizzard now appeals from the denial of his motion for a new trial. He contends that the evidence is insufficient to sustain his conviction because the State failed to prove either that Bizzard acted with the requisite criminal intent or that venue was proper in Liberty County. Although we find that the evidence is enough to prove beyond a reasonable doubt that Bizzard committed aggravated battery, we also find that the State failed to present any evidence of venue. Accordingly, we must reverse the judgment below and remand for a new trial.

Viewed in the light most favorable to the verdict,[1] the evidence shows that on the night in question, the victim attended a church revival meeting and then returned to the home she shared with Bizzard on Strickland Street. There she found a note from Bizzard, stating that he had seen the victim with another man and that she should expect a beating when Bizzard returned. Later that evening, Bizzard called the victim and asked her to pick him up at a local bar. The victim refused his request, and Bizzard found another way home. Soon after he arrived home, Bizzard began physically assaulting the victim and repeatedly told her that he was going to kill her. Eventually, the victim was able to flee the house and began running toward her mother's house, which was also located on Strickland Street. When it appeared that Bizzard would catch her before she made it to her mother's house, the victim instead went to the home of a neighbor. Bizzard reached the victim as she was standing on the neighbor's porch, banging on the door and screaming for help. He hit the victim in the face with such force that she lost consciousness. The force of the blow also split the skin above the victim's upper lip, and the injury was so severe that it required more than 20 stitches to close, the victim was unable to eat for approximately ten days after the incident, and she was left with a permanent scar.[2] Bizzard left the scene and went to the home of the victim's mother, where he informed the mother that the victim needed medical attention. The victim's mother called 911. Officers with the City of Hinesville Police Department responded and arrested Bizzard.

1. A person commits aggravated battery when he "maliciously

---

[1] *Ferguson v. State*, 307 Ga. App. 232, 233 (1) (704 SE2d 470) (2010).

[2] Witnesses testified that the cut resulting from Bizzard's blow was so severe that the victim's teeth were visible, even when her mouth was closed. One of the responding officers stated that it was the worst injury he had ever seen.

causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a). Here, Bizzard contends that the State failed to prove that he possessed the requisite criminal intent for aggravated battery because it did not show that he intended to injure the victim as seriously as he did; that is, he argues that the State failed to prove that he specifically intended to maim or disfigure the victim. This argument misapprehends the intent necessary for aggravated battery.

To convict Bizzard, the State was not required to show that he intended the specific results of his conduct. *White v. State*, 210 Ga. App. 563, 564 (436 SE2d 584) (1993). Rather, the State was required to prove only that Bizzard acted maliciously when he engaged in that conduct. Id. See also *Blackwood v. State*, 224 Ga. App. 486, 487-488 (1) (480 SE2d 914) (1997) (the defendant need only have intended the conduct that resulted in the injury, rather than the injury itself). Under Georgia law, a person acts maliciously within the meaning of the aggravated battery statute "when he acts intentionally *and* without justification or serious provocation." *Wade v. State*, 258 Ga. 324, 330-331 (11) (d) (368 SE2d 482) (1988) (emphasis in original). The evidence here supports the conclusion that Bizzard acted intentionally and without provocation or justification when he struck the victim, and it therefore suffices to sustain Bizzard's conviction. See *Dunn v. State*, 242 Ga. App. 525, 528 (2) (530 SE2d 236) (2000).

2. Bizzard also contends that the State failed to prove venue. We agree. The Georgia Constitution "requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed." *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000). Where the State fails to prove venue beyond a reasonable doubt, the judgment of conviction must be reversed. Id. at 901-902 (2). See also *Turner v. State*, 273 Ga. 340, 343 (3) (541 SE2d 641) (2001) ("Venue is a jurisdictional fact, an essential element in proving that the accused is guilty of the crime charged, and must be proven beyond a reasonable doubt.").

In this case, the record is devoid of any evidence establishing that venue is proper in Liberty County. Indeed, Liberty County was not mentioned by any witness, and the State showed only that the crime occurred on Strickland Street. As our Supreme Court has explained, however, "a street name, standing alone, is never sufficient to establish venue, because streets frequently run through more than one county." *Jones*, 272 Ga. at 904 (3). See also *In the Interest of J. B.*, 289 Ga. App. 617, 618 (658 SE2d 194) (2008) (venue not proven where the evidence showed only that the crime occurred at "316 Palmer Lane," and there was no "mention of a city, county,

or state."). Additionally, and despite the State's assertion to the contrary, the fact that the prosecutor noted in his opening statement that Strickland Street was a block from the Liberty County Courthouse did not establish that the crime scene was in Liberty County. See *Jones*, 272 Ga. at 903-904 (3) (venue not proven where neighbor testified that his home was on Evans Drive, his home was in Fulton County, and crime scene was directly across the street from his house, because it was possible that, despite their proximity to one another, the neighbor's house and the crime scene were located in different counties). See also *Thompson v. Brown*, 288 Ga. 855, 857 (708 SE2d 270) (2011) (even though all the participants in a trial, including the factfinder, may know from their daily lives that the crime scene is in a particular county, the State is still required to offer evidence of venue, because a defendant "may not be convicted of crimes based on extra-judicial knowledge rather than evidence of such essential facts admitted at trial."). Similarly, the fact that officers with the City of Hinesville Police Department responded to the scene is also insufficient to establish venue in Liberty County. The Supreme Court of Georgia has repeatedly held that "proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002). See also *In the Interest of J. B.*, 289 Ga. App. at 619.

In its brief, the State offers three arguments why we should find sufficient evidence of venue, despite the lack of any direct testimony on that issue. First, the State argues that it introduced a map at trial, and cites a case holding that such evidence can support a finding of venue in a particular county. See *Carter v. State*, 146 Ga. App. 681 (247 SE2d 191) (1978) (map of the City of Albany, introduced to assist witnesses in identifying location of crimes, could be used as proof of venue where victim testified that these locations were in Dougherty County). What the State refers to as a map, however, is in reality an aerial photograph of a portion of Strickland Street, showing the house numbers of various residences. At trial, this photograph was introduced for the purpose of showing the relative locations of the homes of the victim, her neighbor, and her mother, all of which were situated on that portion of Strickland Street shown in the picture. Unlike the map in *Carter*, however, the photograph in this case contains nothing which indicates the city, county, or state in which the area depicted is located, and the State failed to elicit any testimony on this issue. This photographic exhibit, therefore, fails to establish that the crime occurred in Liberty County. See *In the Interest of J. B.*, 289 Ga. App. at 618.

Next, the State points to the fact that, when the prosecutor noted during opening statements that Strickland Street was approxi-

mately one block from the courthouse, the trial judge responded that he was familiar with the location of Strickland Street. The State argues that this response shows that the trial court took judicial notice of the fact that the crime occurred in Liberty County. We disagree. The Supreme Court of Georgia has held that "if a trial court intends to take judicial notice of any fact, it must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." *Graves v. State*, 269 Ga. 772, 775 (4) (a) (504 SE2d 679) (1998), rev'd in part on other grounds, *Jones*, 272 Ga. at 903, n. 13. Here, in an effort to expedite opening argument, the trial judge merely stated that he was familiar with the location of Strickland Street and its proximity to the Liberty County Courthouse. This statement, made before the presentation of evidence had even begun, cannot be construed as an announcement that the judge was taking judicial notice of the fact that the crime occurred in Liberty County.

Finally, the State argues that, even if the trial court failed to take judicial notice of the fact that venue was proper in Liberty County, this Court has the authority to take judicial notice of that fact. In support of this position, the State cites *Brown v. State*, 205 Ga. App. 31 (421 SE2d 340) (1992), *Harper v. State*, 172 Ga. App. 69 (1) (321 SE2d 805) (1984), and *Williams v. State*, 162 Ga. App. 680, 680-681 (1) (292 SE2d 560) (1982). All of these cases, however, were decided before the Supreme Court of Georgia's decision in *Graves*, 269 Ga. at 775 (4) (a). Moreover, each of these cases relied upon the slight evidence rule, an evidentiary standard that our Supreme Court expressly disapproved in *Jones*, 272 Ga. at 903, n. 13. Accordingly, we do not find this argument persuasive.

We note that, because our reversal is based solely upon insufficient evidence of venue, "the State is not barred by the Double Jeopardy Clause from retrying [Bizzard], so long as venue is properly established at retrial." *Jones*, 272 Ga. at 905 (4).

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED OCTOBER 20, 2011.

*Craig T. Pearson*, for appellant.

*Tom Durden, District Attorney, Russell B. Mabrey, Jr., Assistant District Attorney*, for appellee.