**FOURTH DIVISION**
**DOYLE, C. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2015**

# In the Court of Appeals of Georgia

A14A1770. REGENT v. THE STATE.

MILLER, Judge.

Steven Regent entered into a non-negotiated guilty plea to one count of aggravated assault (OCGA § 16-5-21 (a) (2)) and one count of aggravated battery (OCGA § 16-5-24 (a)). The trial court sentenced Regent to 20 years with 12 years to serve on the aggravated assault charge and a consecutive sentence of 10 years on the aggravated battery charge. The trial court also banished Regent from all of Georgia, except for Toombs County, as a special condition of probation. Following the grant of his petition for habeas relief, Regent appeals,[1] contending that (1) the trial court

---

[1] Regent entered his guilty plea on December 18, 2008. On March 11, 2014, the United States District Court for the Northern District of Georgia granted Regent's habeas petition on the grounds that he was denied his constitutional right to appellate counsel.

erred in denying his motion to merge his convictions, and (2) the trial court violated OCGA § 42-8-35 (a) (6) (A) by banishing him from the entire state, except for Toombs County. For the reasons that follow, we affirm Regent's convictions and his separate sentences for aggravated assault and aggravated battery. We vacate the banishment provision in his sentencing order, however, and we remand this case to the trial court solely for the purpose of resentencing on that provision.

> Where, as here, the merger issue arises in a guilty plea case, this Court is limited to finding error, as in all cases, based on the record. . . . While a defendant does not waive consideration of merger issues by pleading guilty, his guilty plea does waive the expansion of the factual record that occurs with a trial. The practical effect of that waiver will usually mean that he cannot establish (and the court cannot discern) that any of his convictions merged, particularly as a matter of fact, based on the limited record.

*Nazario v. State,* 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013).

So viewed, the limited record from Regent's guilty plea hearing shows that on January 27, 2008, Regent and his girlfriend, the victim, went to a birthday party. When they returned to the victim's house, Regent suddenly punched her in the face. Regent then grabbed the victim and hit her again. The victim fell to the floor, and Regent jumped on top of her and continued punching her in the face, until her eyes

became swollen and she could not see. Regent became enraged and began to yell, "I'll show you. I'll get you." The victim tried to get away from Regent and grab the phone, but he continued to beat her. When Regent stopped for a second, the victim heard him repeat, "I'll show you. I'll get you."

When the victim was halfway unconscious, Regent dragged her into the dining room area, and went into the kitchen. The victim then heard Regent pull a knife out of the wooden butcher block on her kitchen counter. Regent came back to the dining room, straddled the victim, grabbed her hands, and pinned them down. Regent then took the knife and cut her throat from ear to ear, almost cutting her ear off. The victim felt her skin tearing and she began to scream. Regent then took the knife and cut the victim's neck again, this time below the area where he first slit her throat.

When she fought Regent and tried to get away from him, the victim also suffered several deep cuts to her hands. The victim's ring finger was cut to the bone and a piece of her thumb was cut off, resulting in hypersensitivity in certain parts of her hand and no feeling in other parts of her hand. .

The victim finally fainted and when she woke up, she saw that her blood was everywhere, including on her ceiling, walls and floor. The victim ran out of her front

door and went to a neighbor's house for help. When her neighbor failed to respond, the victim ran into the street and eventually found someone to call 911.

The victim was taken to the hospital where she remained in intensive care on a respirator for three days and underwent surgeries to reattach the glands and nerves in her neck. The main nerve going to the side of her face was completely severed and doctors could not reconnect that nerve without causing more damage to the victim's face. As a result of her injuries, the victim has difficulty speaking, eating and swallowing. The victim also lost her sense of taste, and she has no feeling on the side of her face.

1. Regent argues that the trial court erred in failing to merge his convictions because the same facts were required to prove both the aggravated assault and aggravated battery charges. We disagree.

In determining whether one crime merges with another, we apply the required evidence test set forth in *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

> Under the required evidence test, . . . the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are

two offenses or only one, is whether each provision requires proof of a fact which the other does not.

(Punctuation and footnote omitted.) *Drinkard*, supra, 281 Ga. at 215; see also *Thomas v. State*, 292 Ga. 429, 433 (4) (738 SE2d 571) (2013).

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Regent was charged with and pled guilty to this offense because he cut the victim's throat with a knife. The evidence presented at the plea hearing supported Regent's conviction and separate sentence for this offense.

A person commits aggravated battery when he maliciously causes bodily harm to the victim by rendering a member of her body useless. OCGA § 16-5-24 (a). Regent was charged with and pled guilty to aggravated battery because he seriously disfigured the victim's body by slashing her throat. As a result of her injuries, the victim has difficulty speaking, eating and swallowing, she lost her sense of taste, and she has no feeling on the side of her face. The evidence presented at the plea hearing also supported Regent's conviction and separate sentence for this offense.

Since aggravated assault and aggravated battery are two separate offenses with different elements of proof, the charges do not merge, and it is irrelevant that both crimes stemmed from a single act or series of continuous acts.[2] See *Works v. State*, 301 Ga. App. 108, 114 (6) (686 SE2d 863) (2009); *Robbins v. State*, 293 Ga. App. 584, 585-586 (667 SE2d 684) (2008). Accordingly, the trial court did not err in failing to merge Regent's convictions for sentencing purposes.

2. Regent contends that the trial court violated OCGA § 42-8-35 (a) (6) (A) by banishing him from the entire state, except for Toombs County.

The legislature has expressly provided that banishment is a valid term and condition of probation. See OCGA § 42-8-35 (a) (6) (A). The trial court, however, cannot banish a probationer to any area within the state that does not consist of at least one entire judicial circuit. See id. Since Toombs County is part of the five-county Middle Judicial Circuit, which also includes Emanuel, Jefferson, Washington, and Candler Counties, the trial court was not statutorily authorized to banish Regent

---

[2] In this case, Regent cut or slashed the victim's throat twice in apparently quick succession. Nevertheless, aggravated assault and aggravated battery are two separate offenses, even if they stem from a single act. See *Works*, supra, 301 Ga. App. at 114 (6).

6

from the entire state, except for Toombs County. See OCGA §§ 15-6-1 (24) and 42-8-35 (a) (6) (A).

Banishment from the entire state, except for the five-county Middle Judicial Circuit was presumably an appropriate special probation condition. Nevertheless, because Regent's sentencing order does not provide for banishment to the entire Middle Judicial Circuit, we are constrained to vacate the banishment provision in Regent's sentencing order and remand this case to the trial court solely for the purpose of resentencing Regent on this provision. In doing so we emphasize that Regent's sentence of 20 years with 12 years to serve on the aggravated assault charge and a consecutive sentence of 10 years on the aggravated battery charge stands affirmed.

*Judgment affirmed in part, vacated in part and case remanded. Doyle, C. J., and Dillard, J., concur.*