**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be
_physically received_ in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 14, 2022**

# In the Court of Appeals of Georgia

A22A1144. CEPHAS v. THE STATE.

RICKMAN, Chief Judge.

Donte Cephas was tried by a jury and convicted of two counts of misdemeanor obstruction of an officer.[1] Following the denial of his motion for new trial, Cephas appeals, contending that the evidence was insufficient to support his conviction and that the trial court erred in sentencing him. For the reasons that follow, we affirm

---

[1] In a seven-count indictment, Cephas was charged with felony obstruction of an officer, misdemeanor obstruction of an officer, criminal attempt to commit a felony, giving false information to a law enforcement officer, driving without a license, operating a vehicle without insurance, and possession of a firearm by a convicted felon. He pled guilty to giving false information to a law enforcement officer, driving without a license, and operating a vehicle without insurance. The jury then found Cephas guilty of two counts of misdemeanor obstruction of an officer and acquitted him of criminal attempt to commit a felony and possession of a firearm by a convicted felon.

Cephas's convictions, but we vacate the banishment provision in the sentencing order and remand for resentencing on that provision.

Viewed in the light most favorable to the verdict,[2] the evidence presented at trial showed that in November 2018, officer Charles Johns of the City of Lilburn Police Department responded to a call about a stalled vehicle blocking traffic during rush hour. When he arrived, Johns observed a Nissan Maxima with its hood up and a man, later identified as Cephas, standing next to it and talking on his cell phone. Johns, who was in uniform, parked his marked patrol vehicle behind the stalled Maxima and activated his blue lights to warn oncoming traffic. Johns then approached Cephas and asked if he had requested a tow truck, and when Cephas responded in the affirmative, Johns returned to his vehicle to wait on the truck.

While he was waiting, Johns noticed that the tag decal on the Maxima was old and, after running a computer search, he discovered that the tag was expired and that there was no valid insurance on the vehicle. Johns then approached Cephas and asked him if he had his driver's license with him, explaining that he was asking because the Maxima had an expired tag and no insurance. After looking around briefly, Cephas said that he could not find his license but confirmed that he did in fact have a Georgia

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

driver's license. Johns asked him to write down his name and date of birth, and Cephas wrote "Jaquin White," with a birth year of 1996, which did not seem accurate to Johns. Johns ran another computer search, but was unable to find a Georgia driver with the name and date of birth Cephas had provided.[3]

During the time Johns was conducting the computer searches, Cephas got out of his car several times, contrary to Johns's instructions and, according to Johns, seemed to be acting nervous. Because Johns "felt that there was something not quite right," he called for backup. When a second officer arrived, Johns explained the situation – the Maxima had a dead battery, an expired tag, and no insurance, and Cephas had given him false information. He told the second officer he was going to give Cephas one more chance and, as he started walking back to talk to him, Cephas ran away from Johns and headed toward the woods.

Johns ran after Cephas and the second officer, Michael Johnson, tried to cut Cephas off. After Cephas reached the woods, Johns was able to trip him and a struggle began, during which Cephas kicked Johns in the face or neck area. While Johns was trying to maintain control of Cephas, Johnson came up behind them and

---

[3] Cephas testified that he gave Johns false information because he did not have a license and had an outstanding warrant in Maryland for violating home detention.

yelled twice for Cephas to get on the ground, and then to "get on the ground or I will tase you," followed by a command to put his hands behind his back. Cephas did not comply and Johnson stated, "if you so much as move," before he activated his taser, which did not deploy properly. Cephas was then able to get free, and he ran further into the woods. A K-9 unit had also responded to Johns's call for backup, and the K-9 was ultimately able to detain Cephas long enough for other officers to handcuff him. Cephas was subsequently arrested.

1. Cephas contends that the evidence was insufficient to support his conviction for misdemeanor obstruction of a law enforcement officer.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. The appellate court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.

(Citation and punctuation omitted.) *Holloman v. State*, 360 Ga. App. 812, 813 (1) (861 SE2d 644) (2021).

"[A] person who knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his or her official duties shall be

4

guilty of a misdemeanor." OCGA § 16-10-24 (a). "Flight after a lawful command to halt constitutes obstruction of an officer." (Citation and punctuation omitted.) *Lebis v. State*, 302 Ga. 750, 760 (III) (808 SE2d 724) (2017). Cephas argues that the State failed to prove that he "knowingly and willfully" obstructed the officers by fleeing because there was no evidence that he was commanded to stop or halt.

Count 3 of the indictment charged Cephas with "knowingly and willfully" obstructing Officer Johnson "in the lawful discharge of his[] official duties by running away[.]" And the State presented evidence that after Johnson repeatedly commanded Cephas to get on ground, put his hands behind his back, and not move, Cephas ran deeper into the woods. The evidence was therefore sufficient to support Cephas's conviction for misdemeanor obstruction under this count.[4] See *In re E.G.*, 286 Ga. App. 137, 139 (2) (648 SE2d 699) (2007).

2. Cephas contends that the trial court erred in sentencing him. Specifically, he takes issue with a special condition of probation in which the court banished him "from Georgia except for Hart County."

---

[4] In Count 1 of the indictment, Cephas was charged with "knowingly and willfully" resisting Officer Johns "in the lawful discharge of his official duties by doing violence to said officer, by kicking[.]" Cephas does not challenge the sufficiency of the evidence relevant to this count.

As part of the terms and conditions of probation, a court may include a requirement that the probationer "[r]emain within a specified location; provided, however, that the court shall not banish a probationer to any area within this state . . .[t]hat does not consist of at least one entire judicial circuit as described by Code Section 15-6-1[.]" OCGA § 42-8-104 (a) (6) (A). Hart County is part of the Northern Judicial Circuit, which also includes the counties of Elbert, Madison, Oglethorpe, and Franklin. OCGA § 15-6-1 (27). Accordingly, the trial court was not statutorily authorized to banish Cephas from the entire state, except for Hart County. See *Regent v. State*, 333 Ga. App. 350, 352 (2) (774 SE2d 213) (2015), rev'd in part on other grounds, 299 Ga. 172 (787 SE2d 217) (2016) (trial court not statutorily authorized to banish Regent from the entire state, except for Toombs County, which was part of the five-county Middle Judicial Circuit).[5] We therefore "vacate the banishment

_____

[5] The court in *Regent* applied identical language regarding banishment as a condition of probation found in OCGA § 42-8-35 (a) (6) (A), which is applicable to the state-wide probation system for felony offenders. *Regent*, 333 Ga. App. at 352 (2); see OCGA § 42-8-22.

6

provision in [Cephas]'s sentencing order and remand this case to the trial court solely for the purpose of resentencing [Cephas] on this provision." Id. at 353 (2).

*Judgment affirmed in part and vacated in part, and case remanded. Miller, P. J., and Pipkin, J., concur.*